UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

                      v.

ROBERT C. MORGAN, MORGAN
MEZZANINE FUND MANAGER LLC, and
MORGAN ACQUISITIONS LLC,

                      Defendants.

19 Civ. 661

---

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF**

On the application of plaintiff Securities and Exchange Commission ("Plaintiff" or the "Commission"), pending the adjudication of Plaintiff's Application for a Preliminary Injunction, an Order:

(1) temporarily restraining Robert C. Morgan ("Morgan"), Morgan Mezzanine Fund Manager LLC (the "Fund Manager"), and Morgan Acquisitions LLC ("Morgan Acquisitions") (collectively, "Defendants") from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

(2) freezing Morgan's assets, including the bank accounts listed on Exhibit A to this Order, except for amounts allowed by the Court, upon application by Morgan, for reasonable living and legal expenses;

(3) appointing a receiver ("Receiver") over Morgan 11% Notes Fund LLC, Morgan 11%

Notes Fund QP LLC, Morgan Notes Fund II LLC, Morgan Notes Fund QP II LLC, Morgan Notes Fund III LLC, Morgan Notes Fund QP III LLC, and Morgan Acquisitions (collectively, the "Notes Funds") and the Fund Manager (together, the "Receivership Entities");

(4)   enjoining the filing of any new bankruptcy, foreclosure, receivership, or other actions by or against the Receivership Entities;

(5)   directing Defendants to provide verified accounting of their assets, including the use of the Notes Funds assets, and the disposition of any assets of any of the Affiliate Borrowers listed on Exhibit B for the direct or indirect benefit of Morgan from October 1, 2013, to the present;

(6)   providing that the parties may take expedited discovery in preparation for a preliminary injunction hearing; and

(7)   prohibiting Defendants from destroying, altering, or concealing documents.

The Court has considered the Complaint filed by Plaintiff on May 22, 2019; Plaintiff's emergency application for a temporary restraining order, preliminary injunction, receiver, asset freeze, and other relief, including Plaintiff's supporting memorandum of law, the Declaration of Kerri L. Palen and the exhibits attached thereto, and the Declaration of Lee A. Greenwood and the exhibits attached thereto; and Plaintiff's motion for an expedited hearing, pursuant to Local Civil Rule 7(d)(1), and supporting papers.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, and Section 21(d) of the Exchange Act, has been made for the relief granted herein, for the following reasons:

1.   It appears from the evidence presented that Defendants have violated and, unless temporarily restrained, and will continue to violate, Section 17(a) of the Securities Act [15

U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], as alleged in the Complaint.

2. It appears that Morgan may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing Morgan's assets, as specified herein, is necessary to preserve the *status quo,* to protect investors from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. It appears that the appointment of a Receiver over the Receivership Entities is necessary to: (a) preserve the status quo, (b) ascertain the true financial condition of the Receivership Entities and the disposition of investor funds; (c) prevent further dissipation of the property and assets of the Receivership Entities; (d) prevent the encumbrance or disposal of property or assets of the Receivership Entities; (e) preserve the books, records and documents of the Receivership Entities; (f) be available to respond to investor inquiries; (g) protect investors' assets; and (h) determine whether one or more of the Receivership Entities should undertake bankruptcy filings.

4. It appears that an order requiring Defendants to provide a verified accounting of their assets, including the use of the Notes Funds assets, and the disposition of any assets of any of the Affiliate Borrowers listed on Exhibit B for the direct or indirect benefit of Morgan from October 1, 2013, to the present, is necessary to effectuate and ensure compliance with the freeze imposed on Morgan's assets and to locate assets for the benefit of investors.

5.	It appears that Defendants may attempt to destroy, alter or conceal relevant documents, and that an order preventing the destruction, alteration or concealment of relevant documents is necessary.

6.	This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**NOW, THEREFORE**,

I.

**IT IS HEREBY ORDERED** that, pending a hearing and determination of Plaintiff's Application for a Preliminary Injunction, Defendants are temporarily restrained from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)	to employ any device, scheme, or artifice to defraud;

(b)	to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)	to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees,

and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's Application for a Preliminary Injunction, Defendants are temporarily restrained from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's Application for a Preliminary Injunction, Morgan, and each of his officers, agents, servants,

employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Morgan presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Morgan), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, without limitation, such funds held in the accounts listed on Exhibit A, except that any amounts allowed by the Court, upon application by Morgan for reasonable living expenses, shall not be subject to the asset freeze in this Paragraph.[1]

## IV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's Application for a Preliminary Injunction, all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Order by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Morgan or over which they exercise actual or apparent investment or other authority (including assets in the name of Morgan), in whatever form such assets may

---

[1] The Commission is authorized to transmit a version of Exhibit A that contains the full bank account numbers subject to this Order to the relevant financial institutions listed on Exhibit A.

presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Exhibit A, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen, except that any amounts allowed by the Court, upon application by Morgan, for reasonable living and legal expenses, shall not be subject to the asset freeze in this Paragraph.

V.

**IT IS FURTHER ORDERED** that _____, until further order of this Court, be and hereby is appointed to act as Receiver for the Receivership Entities subject to all of the terms and conditions set forth in the Order Appointing Receiver.

VI.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against any of the Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the assets, including, but not limited to the filing of any lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to this Order and the Order Appointing Receiver.

VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's Application for a Preliminary Injunction, Defendants shall file with this Court and serve upon Plaintiff, within ten (10) business days, or within such extension of time as the Plaintiff agrees

to, a verified written accounting signed by Morgan, under penalty of perjury, of Defendants' assets, including the use of the Notes Funds assets, and the disposition of any assets of any of the Affiliate Borrowers listed on Exhibit B for the direct or indirect benefit of Morgan from October 1, 2013, to the present.

Defendants shall serve such sworn statements of asset identifying information by either hand delivery or email (sent to GreenwoodL@sec.gov) on Plaintiff's counsel, Lee A. Greenwood, Esq., Securities and Exchange Commission, New York Regional Office, 200 Vesey Street, Suite 400, New York, New York 10281.

## VIII.

**IT IS FURTHER ORDERED** that discovery in advance of a hearing on Plaintiff's Application for a Preliminary Injunction is expedited as follows: pursuant to Rules 26, 30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of a meeting pursuant to Fed. R. Civ. P. 26(f), the parties and the Receiver may:

(1) Take depositions, subject to three (3) calendar days' notice by facsimile, email, or otherwise;

(2) Obtain the production of documents, within four (4) calendar days from service by facsimile, email, or otherwise of a request or subpoena from any persons or entities, including non-party witnesses;

(3) Service of any discovery requests, notices, or subpoenas may be made by email, personal service, facsimile, overnight courier, or first-class mail on an individual, entity or the individual's or entity's attorney; and

(4) The Receiver may take discovery in this action without further order of the Court.

**IX.**

**IT IS FURTHER ORDERED** that, pending a hearing and determination of Plaintiff's Application for a Preliminary Injunction, Defendants, any person or entity acting at their direction or on their behalf, and any other third party, be and hereby are (1) enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of Plaintiff and the Receiver to any and all documents, books, and records that are in the possession, custody or control of Defendants, the Receivership Entities, and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books and records referring, reflecting or relating to Defendants' and Receivership Entities' finances or business operations, or the offer, purchase or sale of securities and the use of proceeds therefrom; and (2) ordered to provide all reasonable cooperation to the Receiver in carrying out his duties set forth herein.

**X.**

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon Defendants, and each of their respective officers, agents, servants, employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise.

**SO ORDERED.**

Dated: Buffalo, New York
       May ____, 2019

_____
United States District Judge

**Exhibit A**

| Account Name | Financial Institution | Account Number |
|---|---|---|
| Robert C. Morgan | M&T Bank | Account ending in 6001 |
| Robert C. Morgan | M&T Bank | Account ending in 2948 |
| Robert C. Morgan | M&T Bank | Account ending in 8078 |
| Robert C. Morgan | M&T Bank | Account ending in 8571 |
| Robert C. Morgan | Eastman Savings & Loan | Account ending in 7026 |

**Exhibit B**

| Property/Affiliate Borrower | Notes Funds with Outstanding Portfolio Loans |
|---|---|
| 103 Court Street | Notes Fund I (QP Fund); Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| 1275 Delaware Ave  VES Partners LLC | Notes Fund I (QP Fund); Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| 2013 VC (Villa Capri) | Notes Fund II (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| 50 Front Street | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| 65 Chestnut Street | Notes Fund II (AI Fund); Notes Fund II (QP Fund) |
| Academy Place | Morgan Acquisitions |
| Cedar Ridge | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| Center City Ithaca | Notes Fund I (QP Fund); Notes Fund II (AI Fund); Notes Fund II (QP Fund) |
| Covered Bridge | Morgan Acquisitions |
| Eden Square ( Cranberry Vista) | Notes Fund I (QP Fund); Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| Ellison Heights | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| Emerald Springs | Notes Fund I (QP Fund); Notes Fund III (AI Fund) |
| Flats in Minn | Notes Fund I (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| Foubu/Morgan Brownfield Tax Transaction | Notes Fund I (QP Fund) |
| Frontenac | Morgan Acquisitions |
| Gates Circle - Montante Project | Notes Fund I (QP Fund); Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| Glendale Heights - Stratford Trails | Notes Fund II (AI Fund); Notes Fund II (QP Fund) |
| Heritage Land | Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| Highlands of Montour Run | Notes Fund I (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| Hinsdale (Canal Crossing) | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund) |

| Property/Affiliate Borrower | Notes Funds with Outstanding Portfolio Loans |
|---|---|
| Hunters Chase | Notes Fund I (QP Fund); Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| King Of Prussia | Notes Fund II (AI Fund); Notes Fund II (QP Fund) |
| Lakeside Commons | Notes Fund II (AI Fund); Notes Fund II (QP Fund) |
| Madison at Valley Manor (Copper Chase) | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| MC Webster Land LLC Winding Creek | Morgan Acquisitions |
| Meadowbrook | Morgan Acquisitions |
| Mercer | Notes Fund I (QP Fund) |
| Midtown Land | Notes Fund I (QP Fund) |
| Minnetonka | Morgan Acquisitions |
| Morgan Collins (Avon Phase II) | Notes Fund III (QP Fund) |
| Morgan Perry's Crossing | Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| Overlook | Notes Fund II (AI Fund); Notes Fund II (QP Fund) |
| Park Towers | Notes Fund I (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| Phase II of 2695 Apartments-Main Factor | Notes Fund I (QP Fund); Notes Fund II (AI Fund) |
| Pinnacle North Phase II | Morgan Acquisitions |
| Publisher Parkway | Morgan Acquisitions |
| Publishers | Notes Fund III (QP Fund) |
| Rockford Trust Building | Notes Fund I (QP Fund); Notes Fund II (AI Fund) |
| Steeplechase | Notes Fund I (QP Fund); Notes Fund III (AI Fund) |
| The Chemical Building | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (QP Fund); Morgan Acquisitions |
| The Reserve at Southpointe II | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund) |
| Towers on the Hudson | Morgan Acquisitions |
| Villager | Morgan Acquisitions |
| Wedgewood | Morgan Acquisitions |
| Wellington | Morgan Acquisitions |
| Woodland Acres | Notes Fund II (AI Fund); Notes Fund II (QP Fund); Notes Fund III (AI Fund); Notes Fund III (QP Fund); Morgan Acquisitions |

Source:   Grand Atlas Property Management, LLC, "Notes Fund Loan/Use Summary," April 6, 2019 (GA_00009875).