**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

                v.

**ROBERT C. MORGAN, MORGAN MEZZANINE FUND MANAGER LLC, and MORGAN ACQUISITIONS LLC,**

                **Defendants.**

19 Civ. 661

---

**[PROPOSED] ORDER APPOINTING RECEIVER**

**WHEREAS** this matter has come before this Court upon motion of plaintiff Securities and Exchange Commission ("Plaintiff" or the "Commission") to appoint a receiver in the above-captioned action to protect investors in the Morgan 11% Notes Fund LLC; Morgan 11% Notes Fund QP LLC; Morgan Notes Fund II LLC; Morgan Notes Fund QP II LLC; Morgan Notes Fund III LLC; Morgan Notes Fund QP III LLC; and Morgan Acquisitions LLC (collectively, the "Morgan Notes Funds"), which are managed by Defendants Morgan Mezzanine Fund Manager LLC (the "Fund Manager") and Robert C. Morgan ("Morgan"); and

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Morgan Notes Funds and the Fund Manager (the "Receivership Assets") and those assets of the Morgan Notes Funds that are held in constructive trust for the Morgan Notes Funds; were fraudulently transferred out of the Morgan Notes Funds; and/or may otherwise be includable as assets of the estates of the Morgan Notes Funds and the Fund Manager (collectively, the "Recoverable Assets"); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Morgan Notes Funds, and venue properly lies in this district.

**NOW, THEREFORE:**

**I.**

**IT IS HEREBY ORDERED** that this Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Receivership Assets; and

**II.**

**IT IS FURTHER ORDERED** that, until further Order of this Court, _____ is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Morgan Notes Funds and the Fund Manager to (a) preserve the status quo; (b) ascertain the true financial condition of the Morgan Notes Funds and the Fund Manager and the disposition of investor funds; (c) prevent further dissipation of the property and assets of the Morgan Notes Funds and the Fund Manager; (d) prevent the encumbrance or disposal of property or assets of the Morgan Notes Funds and the Fund Manager; (e) preserve the books, records and documents of the Morgan Notes Funds and the Fund Manager; (f) be available to respond to investor inquiries; and (g) determine whether any of the Morgan Notes Funds or the Fund Manager should undertake bankruptcy filings; and

**III.**

**IT IS FURTHER ORDERED** that the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Morgan Notes Funds and the Fund Manager under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28

U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66; and

IV.

**IT IS FURTHER ORDERED** that the trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Morgan Notes Funds and the Fund Manager including, but not limited to, Morgan, are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Morgan Notes Funds' or the Fund Manager's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver; and

V.

**IT IS FURTHER ORDERED** that the Receiver is empowered to:

a. Take and retain immediate possession and control of all of the Receivership Assets, and all books, records and documents of the Morgan Notes Funds and the Fund Manager (the "Receivership Estate");

b. Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any Receivership Assets;

c. Pay from the Receivership Estate necessary expenses required to preserve the Receivership Assets, but in no event shall the Receiver (1) make any payments or transfers of property of a value in excess of $10,000.00 (ten thousand dollars), or (2) make any payments or transfers of property on account of any debt or obligation incurred prior to the commencement of the receivership, without prior order of the Court;

d. Locate Receivership Assets that may have been conveyed to third parties or otherwise concealed;

e. Ascertain the disposition and use of funds obtained by the Morgan Notes Funds and the Fund Manager;

f. Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the Receiver's duties and responsibilities hereunder, subject to prior order of the Court;

g. Report to the Court and the parties within 45 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant, and subject to the protection of personally identifiable information, the following information:

   1. All Assets, money, funds, securities, and real or personal property then held directly or indirectly by or for the benefit of the Morgan Notes Funds and the Fund Manager, including, but not limited to, real property, bank accounts, brokerage accounts, investments, business interests, personal property, wherever situated, identifying and describing each asset, its current location and value; and

   2. To the extent practicable, a list of investors in the Morgan Notes Funds and the Fund Manager;

h. Develop a preliminary plan for the administration of the Receivership Estate, including a recommendation regarding whether bankruptcy cases should be filed for all of a portion of the Morgan Notes Funds and the Fund Manager and a

recommendation whether litigation against third parties should be commenced on a contingent fee basis to recover assets for the benefit of the receivership; and

## VI.

**IT IS FURTHER ORDERED** that Morgan is directed to cooperate fully with the Receiver in his or her efforts to carry out the obligations and duties set out above; and

## VII.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against the Morgan Notes Funds or the Fund Manager, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Receivership Assets, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and Receivership Assets subject to this Order; and

## VIII.

**IT IS FURTHER ORDERED** that the Receiver is to be paid his reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court; and

## IX.

**IT IS FURTHER ORDERED** that within forty-five (45) days after the end of each calendar quarter, the Receiver shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon

counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

Each Quarterly Fee Application shall (a) comply with the terms of the Billing Instructions agreed to by the Receiver; and, (b) contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Each Quarterly Fee Applications will be interim and will be subject to cost-benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

The Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

At the close of the receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement; and

**X.**

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Morgan Notes Funds and the Fund Manager, and each of their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise

**SO ORDERED.**

Dated: Buffalo, New York
       May \_\_\_\_, 2019

                                                _____
                                                United States District Judge