UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.

ROBERT C. MORGAN, MORGAN
MEZZANINE FUND MANAGER LLC, and
MORGAN ACQUISITIONS LLC,

        Defendants.

19 Civ. 661 (EAW)

## ORDER APPOINTING RECEIVER

**WHEREAS** the Securities and Exchange Commission ("Plaintiff" or the "SEC") filed this action on May 22, 2019, against defendants Robert C. Morgan ("Morgan"), Morgan Mezzanine Fund Manager LLC (the "Fund Manager"), and Morgan Acquisitions LLC ("Morgan Acquisitions") (collectively, "Defendants");

**WHEREAS**, also on May 22, 2019, Plaintiff filed a motion for entry of a temporary restraining order (the "TRO Motion"), preliminary injunction (the "PI Motion"), the appointment of a receiver, and other relief against Defendants (Dkt. 4);

**WHEREAS** Morgan filed an opposition to the TRO Motion on May 31, 2019 (Dkt. 16), and Plaintiff filed a reply brief in further support of both the TRO Motion and the PI Motion on June 3, 2019 (Dkt. 21);

**WHEREAS** the Court held a hearing on Plaintiff's motion for a temporary restraining order on June 5, 2019, following which the Court granted in part and denied in part the TRO Motion (Dkt. 26);

**WHEREAS**, pursuant to the Court's order, on June 12, 2019, the parties submitted to the Court the names and credentials of proposed receivers (Dkt. 29; Dkt. 31);

**WHEREAS** upon the consent of the parties pursuant to the Preliminary Injunction on Consent, the Court has ordered the appointment of a receiver for Morgan 11% Notes Fund LLC; Morgan 11% Notes Fund QP LLC; Morgan Notes Fund II LLC; Morgan Notes Fund QP II LLC; Morgan Notes Fund III LLC; and Morgan Notes Fund QP III LLC (collectively, the "Notes Funds"), Morgan Acquisitions, and the Fund Manager (collectively, the "Receivership Entities"); and,

**NOW, THEREFORE:**

### I.

**IT IS HEREBY ORDERED**, upon consent of Defendants, that this Court hereby takes exclusive jurisdiction of the assets, of whatever kind and wherever situated, of the Receivership Entities solely for purposes of effectuating the receivership set forth in this Order; and

### II.

**IT IS FURTHER ORDERED** that, until further Order of this Court, Robert Knuts, Esq., a partner with Sher Tremonte LLP, 90 Broad Street, 23rd Floor, New York, New York 10004 is hereby appointed to serve without bond as receiver (the "Receiver") for the Receivership Entities to (a) preserve the status quo; (b) ascertain the financial condition of the Receivership Entities and determine the disposition of investor funds; (c) oversee and manage, consistent with the relevant governing documents and applicable law, the Receivership Entities; (d) prevent the encumbrance or disposal of the assets of the Receivership Entities contrary to the Receiver's mandate; (e) preserve the books, records, and documents of the Receivership Entities; and (f) be available to respond to investor inquiries;

**III.**

**IT IS FURTHER ORDERED** that the Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed. R. Civ. P. 66, except that the Receiver shall conduct a cost/benefit analysis, consult with the SEC staff, provide notice to Defendants, and seek leave of Court prior to initiating any affirmative litigation; and

**IV.**

**IT IS FURTHER ORDERED** that the trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Entities including, but not limited to, Morgan, are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the operations or assets of the Receivership Entities, except to the extent as may hereafter be expressly granted by the Receiver; and

**V.**

**IT IS FURTHER ORDERED** that the Receiver is empowered to:

a. Identify, take, and retain immediate possession and control of all assets of the Receivership Entities (the "Receivership Assets"), and all books, records and documents of the Receivership Entities (the "Receivership Estate");

3

b. Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any Receivership Assets;

c. Pay from the Receivership Estate necessary expenses required to preserve the Receivership Assets, but in no event shall the Receiver (1) make any payments or transfers of property of a value in excess of $10,000.00 (ten thousand dollars), or (2) make any payments or transfers of property on account of any debt or obligation incurred prior to the commencement of the receivership, without prior order of the Court;

d. Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the Receiver's duties and responsibilities hereunder, subject to prior order of the Court;

e. Conduct and file with the Court and serve upon the parties the accounting described in the Preliminary Injunction on Consent;

f. Develop a preliminary plan for the administration of the Receivership Estate, including any litigation that the Receiver deems necessary for the administration and preservation of the Receivership Estate consistent with his fiduciary duty to the Receivership Estate; and

## VI.

**IT IS FURTHER ORDERED** that the parties are directed to cooperate fully with the Receiver in his or her efforts to carry out the obligations and duties set out above, subject to and limited by the parties' Fifth Amendment rights, to the extent applicable; and

**VII.**

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or claimant against the Receivership Entities, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of the Receivership Assets, including, but not limited to, the filing of any lawsuits, liens or encumbrances, or bankruptcy cases to impact the Receivership Assets; provided, however, that nothing in this paragraph shall be interpreted to prevent arms-length sales of assets that are owned by Affiliate Borrowers (as that term is defined in the Complaint), to bona fide purchasers; and

**VIII.**

**IT IS FURTHER ORDERED** that the Receiver is to be paid his reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver, a copy of which is available at https://www.sec.gov/oiea/Article/billinginstructions.pdf. Such compensation shall require the prior approval of the Court; and

**IX.**

**IT IS FURTHER ORDERED** that within forty-five (45) days after the end of each calendar quarter, the Receiver shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the parties (first the SEC, then Defendants) a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

Each Quarterly Fee Application shall (a) comply with the terms of the Billing Instructions agreed to by the Receiver; and, (b) contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

Each Quarterly Fee Applications will be interim and will be subject to cost-benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file with the Court a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

The Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

At the close of the receivership, the Receiver shall submit to the Court and serve upon the parties a final accounting of the Receivership Estate, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement; and

### X.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Receivership Entities, and each of their respective officers, agents, servants, employees and

attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

**SO ORDERED.**

_____
HON. ELIZABETH A. WOLFORD
United States District Judge

Dated: June 19, 2019
      Rochester, New York