UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,                    **ORDER**

      v.
                                     1:19-CV-00661 EAW

ROBERT C. MORGAN, MORGAN
MEZZANINE FUND MANAGER LLC, and
MORGAN ACQUISITIONS LLC,

        Defendants.
_____

On July 17, 2020, Court-appointed receiver Robert Knuts (the "Receiver") moved for payment of interim fees and expenses. (Dkt. 106) (the "Fee Application"). The Court issued a scheduling order requiring any responses to the Fee Application to be filed by August 7, 2020. (Dkt. 107). Neither the Securities and Exchange Commission ("SEC") nor the defendants filed a response to the Fee Application. However, the Court received a letter response to the Fee Application from a group of investors that, among other things, raised questions regarding the source of payment for the Receiver's fees and expenses. (Dkt. 114).

The Court has also received a number of emails from investors raising questions about information provided by the Receiver, which it has attached to the instant Order. The Court's initial review of these investor emails suggests that the issues they raise may not yet be ripe for judicial intervention; however, the record is not fully developed in that regard.

- 1 -

- 2 -

"[T]he SEC, in its role as *parens patriae*, is presumed to represent the interests of the investing public aggressively and adequately." *SEC v. Bear, Stearns & Co. Inc.*, No. 03 CIV.2937 WHP, 2003 WL 22000340, at *3 (S.D.N.Y. Aug. 25, 2003). Further, "in a securities receivership, opposition or acquiescence by the SEC to [a] fee application will be given great weight." *SEC v Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008). Accordingly, before taking any action with respect to the Fee Application or the investor emails, the Court requires information from the SEC. By no later than August 25, 2020, the SEC shall file a submission informing the Court of (1) its position regarding the Fee Application, including the reasonableness of the fees sought by the Receiver and (2) whether additional information from the Receiver regarding the factual issues raised by the investor emails is necessary or if the concerns raised therein are premature.

SO ORDERED.

                                                                ELIZABETH A. WOLFORD
                                                                 United States District Judge

Dated: August 11, 2020
       Rochester, New York