**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

      v.

ROBERT C. MORGAN, MORGAN
MEZZANINE FUND MANAGER LLC, and
MORGAN ACQUISITIONS LLC,

                    Defendants.

19 Civ. 661 (EAW)

## STIPULATION AND [PROPOSED] SETTLEMENT AGREEMENT

      **WHEREAS,** the Securities and Exchange Commission (the "Commission") filed this action on May 22, 2019, against defendants Robert C. Morgan, Morgan Mezzanine Fund Manager LLC (the "Fund Manager"), and Morgan Acquisitions LLC ("Morgan Acquisitions") (collectively, "Defendants") (Dkt. 1) (the "Lawsuit");

      **WHEREAS,** also on May 22, 2019, the Commission filed a motion for entry of a temporary restraining order (the "TRO Motion"), preliminary injunction (the "PI Motion"), and other relief against Defendants (Dkt. 4);

      **WHEREAS,** on May 31, 2019, Defendants filed an opposition to the TRO Motion (Dkt. 16), and the Commission filed a reply brief in further support of both the TRO Motion and the PI Motion on June 3, 2019 (Dkt. 21);

      **WHEREAS,** on June 5, 2019, the Court held a hearing on the Commission's TRO Motion, which the Court granted in part and denied in part (Dkt. 26);

      **WHEREAS,** on June 14, 2019, with the consent of Defendants, the Court appointed a receiver for the Notes Funds (Morgan 11% Notes Fund LLC, Morgan 11% Notes Fund QP LLC, Morgan Notes Fund II LLC, Morgan Notes Fund QP LLC, Morgan Notes Fund III LLC, and Morgan Notes Fund QP III LLC) (collectively, the LLC Receivership Entities), Morgan Acquisitions, and the Fund Manager (collectively the "Receivership Entities") (Dkt. 34);

      **WHEREAS,** on June 19, 2019, the Court appointed Robert Knuts, Esq., a partner with Sher Tremonte LLP, 90 Broad Street, 23rd Floor, New York, New York 10004 to serve as receiver (the "Receiver") for the Receivership Entities (Dkt. 39);

      **WHEREAS,** the Court empowered the Receiver to (among other things): (i) identify, take, and retain immediate possession and control of all the assets of the Receivership Entities (the "Receivership Assets"); (ii) pay from the Receivership Estate necessary expenses required to preserve the Receivership Assets, subject to Court approval; (iii) develop a preliminary plan for the administration of the Receivership Estate, including any litigation that the Receiver deems necessary for the administration and preservation of the Receivership Estate consistent with his fiduciary duty to the Receivership Estate (Dkt. 39);

      **WHEREAS,** on July 15, 2019, the Court issued an order clarifying the definition of Morgan Acquisitions LLC (Dkt. 49);

      **WHEREAS,** in October 2019, the Receiver filed a motion to seek authority for the distribution of $3.1 million in sales proceeds from the sale of the real estate properties referred to as Cedar Ridge and Hunters Chase (Dkt. 62). As a seller of the properties, Mr. Morgan consented to the retention by the Receiver of $1,403,533.91 that would have otherwise been distributed to RM LP III, an entity controlled by Mr. Morgan (Dkt. 118);

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. Mr. Morgan directs the Receiver to allocate $350,000 from the Cedar Ridge and Hunters Chase proceeds as a settlement with the LLC Receivership Entities of any claims against Defendants set forth below in paragraph 2 (the "Settlement Payment").

2. The Receiver covenants and agrees that he will not make, assert, or maintain any known or unknown claim, demand, action, or cause of action on behalf of the LLC Receivership Entities against Defendants under the Receiver's authority as set forth in Dkt. 39.

3. Nothing contained in this Agreement shall constitute, or be construed as, an admission of liability of wrongdoing by Mr. Morgan and the Defendants.

4. This Agreement and all disputes or controversies arising out or relating to this Agreement shall be governed by, and construed in accordance with, the internal laws of the State of New York, without regard to the laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of New York.

5. Any disputes, claim, or controversy arising out of or relating to this Agreement must be litigated before the Honorable Elizabeth A. Wolford, United States District Court for the Western District of New York.

*[The remainder of this page has intentionally been left blank.]*

Dated: September 23, 2020

                                              GIBSON, DUNN & CRUTCHER

                                              By: /s/ Joel M. Cohen
                                              Joel M. Cohen
                                              Lee G. Dunst
                                              Attorneys for Defendants
                                              200 Park Avenue
                                              New York, New York 10016-0193
                                              Telephone: 212.351.4000
                                              Email: JCohen@gibsondunn.com

Dated: September 23, 2020                   SHER TREMONTE LLP

                                              By: /s/ Robert Knuts
                                              Robert Knuts
                                              Court-Appointed Receiver
                                              90 Broad Street, 23rd Floor
                                              New York, New York 10004
                                              Telephone: 212.202.2638
                                              Email: RKnuts@shertremonte.com

**SO ORDERED.**

Dated: November 6, 2020

                                              _____
                                              HON. ELIZABETH A. WOLFORD
                                              United States District Judge