UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,        **DECISION AND ORDER**

      v.

                                      1:19-CV-00661 EAW

ROBERT C. MORGAN, MORGAN
MEZZANINE FUND MANAGER LLC, and
MORGAN ACQUISITIONS LLC,

           Defendants.
_____

      The Court has entered numerous prior orders in this securities fraud action (*see* Dkt. 25; Dkt. 82; Dkt. 124; Dkt. 145; Dkt. 149), familiarity with which is assumed for purposes of the instant Decision and Order. Currently pending before the Court are: (1) a motion filed by Court-appointed receiver Robert Knuts (the "Receiver") for authorization of a final distribution of $220,000 to investors in the LLC Receivership Entities (Dkt. 156) (the "Final Distribution Motion"); and (2) the Receiver's third application for payment of interim fees and expenses (Dkt. 161) (the "Third Fee Application").

      Turning first to the Final Distribution Motion, the Court notes that the proposed final distribution is fully consistent with the distribution plan approved by the Court on November 6, 2020. (Dkt. 145). Further, the Court has not received any objections to the Final Distribution Motion, and the SEC has advised that it consents to the same, noting that "the Receiver will make this final distribution using the same methodology . . . the Court found to be fair and reasonable in its prior decision[.]" (Dkt. 162 at 1). For the

reasons set forth in its prior decisions and in the Receiver's application, the Court finds the proposed final distribution fair and reasonable and accordingly grants the Final Distribution Motion. *See SEC v. Byers*, 637 F. Supp. 2d 166, 174 (S.D.N.Y. 2009) ("In general, this Court has broad authority to craft remedies for violations of the federal securities laws. Courts have held that within that broad authority lies the power to approve a plan of distribution proposed by a federal receiver. The Court has the authority to approve any plan provided it is fair and reasonable." (citations and quotations omitted)), *aff'd sub nom. SEC v. Malek*, 397 F. App'x 711 (2d Cir. 2010).

As to the Third Fee Application, the Receiver seeks approval of $40,517.43 in fees and expenses for the period from October 1, 2020, to December 31, 2021. (Dkt. 161 at 2). These fees and expenses are broken down as follows: (1) $13,351.15 in fees and $201.28 in expenses to the Receiver and his law firm, Sher Tremonte LLP ("Sher Tremonte"); and (2) $26,480.00 in fees and $485.00 in expenses to Greendyke Jencik & Associates, CPAs, PLLC ("Greendyke").[1] (*Id.*).

"A receiver appointed by a court who reasonably and diligently discharges his duties is entitled to be fairly compensated for services rendered and expenses incurred. The amount of the compensation is to be determined by the court in the exercise of its reasonable discretion." *SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008) (citations omitted). "This presumption of reasonable compensation extends to a receiver's counsel

---

[1] On June 18, 2020, the Court entered a Text Order authorizing the Receiver to employ Greendyke to provide tax accounting services for the Receivership entities. (Dkt. 99).

and professionals." *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-CV-6848 (BMC), 2018 WL 4623012, at *4 (E.D.N.Y. Sept. 26, 2018).

The Court considers several factors in determining a reasonable fee, including "(1) the complexity of problems faced, (2) the benefits to the receivership estate, (3) the quality of the work performed, and (4) the time records presented." *Id*. (quotations omitted). The Court may also consider "the reasonableness of the hourly rate charged and the reasonableness of the number of hours billed." *SEC v. Amerindo Inv. Advisors Inc.*, No. 05 Civ. 5231 (RJS), 2015 WL 13678841, at *1 (S.D.N.Y. Sept. 14, 2015) (citations omitted). "In addition, in a securities receivership, opposition or acquiescence by the SEC to the fee application will be given great weight." *Byers*, 590 F. Supp. 2d at 644 (quotation and alteration omitted).

Here, the Court finds the fees and expenses requested by the Receiver with respect to his services, the services of Sher Tremonte, and the services of Greendyke to be reasonable. As this Court has previously held (*see* Dkt. 149), this matter is complex, and the rates charged and hours expended by the Receiver, Sher Tremonte, and Greendyke are appropriate under the circumstances. Further, the SEC supports the Third Fee Application. (Dkt. 162 at 1). Accordingly, the Court grants the Third Fee Application and approves payment of $13,351.15 in fees and $201.28 in expenses to the Receiver and Sher Tremonte and of $26,480.00 in fees and $485.00 in expenses to Greendyke.

The Court notes that in the Third Fee Application, the Receiver states that he will file a final fee application at the conclusion of the Receivership and will "recommend payment of any remaining balance to the U.S. Treasury." (Dkt. 161 at 5). The SEC

supports this proposal. (Dkt. 162 at 1-2). However, Defendants object to the suggestion that any balance should be remitted to the U.S. Treasury, arguing that there is no legal authority to support the Court ordering the same, and that "any remaining amounts in the Receivership should be returned to [defendant Robert] Morgan." (Dkt. 164 at 1-2).

This issue is not currently ripe for the Court's resolution. In particular, no final fee application has been made and it is unclear whether there will be any balance once all fees are paid. Indeed, the Receiver has advised defense counsel that it is "highly unlikely there would be a balance[.]" (*Id.* at 1). However, in the event such a balance does ultimately exist, the Receiver is instructed to include in his final fee application briefing regarding the legal authority for remitting such balance to the U.S. Treasury. The SEC and Defendants will then be given an opportunity to submit briefing regarding the matter prior to the Court making its decision on the final fee application.

Finally, until such time as the Receivership is concluded, the Receiver is hereby ordered to provide the Court with an update regarding the status of the instant matter on or before the first of each month, beginning as of June 2022.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 22, 2022
Rochester, New York